## Brown v. Holifield.

(Decided May 30, 1924.)

### Appeal from Fulton Circuit Court.

1. Appeal and Error—Findings of Chancellor Entitled to Weight.—Findings of chancellor are entitled to some weight and will not be disturbed unless it is clearly apparent that they are erroneous.

2. Specific Performance—Finding of Payment of all Installments Sustained by Evidence.—Finding of chancellor that defendant paid all installments due on purchase price of land held proper under evidence.

3.   Appeal and Error—Findings of Chancellor Not Disturbed, Unless
     Mind is Left in Doubt.—Findings of chancellor as to weight of
     evidence will not be disturbed, where there is conflict in testimony
     and, upon consideration of whole case, mind is left in doubt.

ED. THOMAS for appellant.

HOLIFIELD & McDONALD for appellee.

OPINION OF THE COURT BY JUDGE O'NEAL—Affirming.

By a written petition filed July 20, 1921, in the court of a justice of the peace of Fulton county, Kentucky, appellant, as plaintiff, sought to recover from Perlie Holifield, appellee herein, the sum of $66.00, which he claimed was due him as rent for a described piece of property consisting of a house and lot which he alleged he owned and Holifield occupied as his tenant. To this petition appellee filed an answer, set-off and counterclaim, the first paragraph of which consisted of a general denial of the allegations of the petition. In another paragraph, while denying appellant's claim for rent, appellee as a set-off alleged that appellant was indebted to him in the sum of $240.85 for board and for services rendered appellant, and he sought judgment for this amount. By way of a counterclaim he alleged that the appellant had agreed in writing to sell him the property which he then occupied, and for which appellant was then claiming rent, at a price and upon the terms and conditions set out in a written contract or title bond executed to him by the appellant on May 19, 1917; and he asserted that he had fully paid the price therein stipulated and had complied with all the terms and conditions therein contained; and alleging that the appellant had wholly failed and refused to carry out the terms of the contract by delivering him a deed in accordance therewith, he prayed the court for a judgment against the appellant requiring the latter to specifically perform his part of the contract.

Upon the filing of the answer, counterclaim and set-off the action was transferred to the Fulton circuit court, where by appropriate pleadings issue was joined on all the matters set out above, except as to the execution of the written contract, which was not denied by the appellant, and thereafter a large amount of testimony was introduced by the parties in support of their respective claims. Upon consideration of the evidence the

chancellor dismissed the appellant's claim for rent and appellee's set-off, but found as a matter of fact that the appellee had fully complied with all the terms of the contract or title bond and had wholly paid the purchase price therein agreed upon He therefore adjudged him entitled to the relief sought in his counterclaim, and in the judgment which he entered required appellant to perform his part of the contract by executing to the appellee a general warranty deed to the property in question.

From that judgment appellant prosecutes this appeal upon the sole ground that the judgment is not supported by, is contrary to, and is flagrantly against the evidence which the chancellor misunderstood, misconstrued and misapplied. No errors of law are complained of, and the decision of this action involves purely a question of fact. Upon that issue the chancellor has found adversely to the claims of appellant, and his findings are entitled to some weight and will not be disturbed unless upon an examination of the record it is clearly apparent that his findings of facts are erroneous. The evidence in this case does not justify any such conclusion. There is ample proof to support the fiindings, and while appellee's testimony is not wholly satisfactory, it is sufficient to support the judgment of the chancellor.

The conflicting claims of the parties hereto cannot be reconciled. By the terms of the contract into which they had admittedly entered appellant agreed to deed to appellee the property therein described upon payment by the appellee of the sum of $1,040.00, of which amount $13.00 was paid in cash and the balance was evidenced by seventy-nine notes for $13.00 each, due on the 15th of each month thereafter. It is admitted by both parties that the property was immediately turned over to the appellee, and that appellant took possession of the notes and placed them in a bank where appellee was to make his regular monthly payments. It is likewise admitted by both parties that the first twenty-seven of these notes were paid and marked "paid" and returned to the appellee.

From this point on, the testimony of appellant and appellee is diametrically opposed. Appellee swears positively and unequivocally that in the months of September and October, 1920, at the earnest solicitation of the appellant, and upon the agreement of the latter to

discount the interest on the balance of said notes, he paid same in full at that time, which was before a number of the notes had matured, and received back from appellant the remaining fifty-two notes then paid, together with the original copy of the title bond. He further swears that he made repeated demands for a deed, and that appellant on one excuse or another had put him off from time to time, but that the latter had never at any time demanded possession of the property or payment of rent until the day he filed this action; and in this he is corroborated to some extent by other facts and circumstances appearing in the record. Appellee's possession of the property and of all the purchase notes are strongly persuasive of his claim of payment.

On the other hand, appellant just as positively and unequivocally denies that there was any such settlement made in September, 1920, or at any other time as that sworn to by appellee, or that the latter had paid any of the notes other than the first twenty-seven about which there is no dispute. His explanation of appellee's possession of his copy of the contract between them and of all of the notes, including the ones which he says were never paid, differs very materially from that of appellee. His version is that in January, 1921, appellee, who had then fallen far behind in his payments, desired to be relieved of further liability on the notes and requested a cancellation of the contract. Thereupon he and appellee met at the home of the latter and there entered into an oral agreement whereby he was to receive back the property involved in the transaction and retain as agreed rent all the payments which had theretofore been made. In consideration of this he released appellee from all further liability under the written contract and on the unpaid notes, and having thus settled the entire matter he attached no particular importance to the contract and notes and carelessly left them at appellee's home and in his possession.

It will thus be seen that there is a direct and irreconcilable conflict between the statements of the parties. No other witness was present at the time of either of the alleged settlements. The statement of each is to some extent corroborated and likewise contradicted by other facts and circumstances appearing in the record. It has long been the settled rule of this court not to disturb the findings of the chancellor as to the weight of the

evidence where there is a conflict in the testimony and where upon a consideration of the whole case the mind is left in doubt. Such is the situation in the case at bar; there is ample evidence to support the judgment, and it not appearing to be against the weight of the evidence it is accordingly affirmed.

Judgment affirmed.